IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JULIA JOLLY
ETHAN GORDON

Criminal No. 22-2

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Benjamin J. Risacher, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS |
|---|---|---|---|
| 1 | Conspiracy to Commit Bank Fraud<br><br>From in and around April 2021 and continuing thereafter until in and around September 2021 | 18 U.S.C. § 1349 | JOLLY<br>GORDON |

FILED

JAN - 4 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit a violation of 18 U.S.C. § 1344, as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal <u>Jury Practice and Instructions</u> § 31.03 (2002) (revised to exclude overt act requirement, see <u>Whitfield v. United States</u>, 125 S.Ct. 687, 691 (2005); <u>United States v. Shabani</u>, 513 U.S. 10, 16 (1994)).

## III. PENALTIES

**As to Count 1: Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349):**

1. A term of imprisonment of not more than thirty (30) years;

2. A fine not more than the greater of;

    (a) $1,000,000.00;

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

3. A term of supervised release of not more than five (5) years;

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

/s/ *Benjamin J. Risacher*
BENJAMIN J. RISACHER
Assistant U.S. Attorney
PA ID No. 318436